Amy L. Bennecoff (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
abennecoff@creditlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY KELLEY, <br><br> Plaintiff, <br><br> v. <br><br> ENHANCED RECOVERY COMPANY, LLC, <br><br> Defendant. | Case No.: <br><br> **COMPLAINT FOR DAMAGES** <br> **1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET. SEQ.;** <br> **2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET. SEQ.** <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

JIMMY KELLEY ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ENHANCED RECOVERY COMPANY, LLC ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection

Practices Act, cal. Civ. Code §1788, *et. seq.* ("RFDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of California and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Sacramento, California.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

7. Defendant is a corporation specializing in debt collection with its principal place of business located at 8014 Bayberry Road, Jacksonville, Florida 32256.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C.

§1692a(6), and RFDCPA, Cal. Civ. Code §1788.2(c).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff as the term is defined by the FDCPA at 15 U.S.C. § 1692a(5) and the RFDCPA at Cal. Civ. Code §1788.2(f).

11. The alleged debt originated from a credit card, and arose out of transactions which were primarily for personal, family, or household purposes.

12. Throughout December 2011 and continuing into January 2012, Defendant's representatives placed repeated harassing debt collection calls to Plaintiff's home telephone.

13. Defendant's harassing debt collection calls derived from numbers including, but not limited to (800) 576-1521.  The undersigned has confirmed that this number belongs to Defendant.

14. Defendant regularly called Plaintiff multiple times in a single day.

15. Defendant called Plaintiff in excess of twenty (20) times in a month.

16. Further, Defendant failed to send anything in writing to Plaintiff

setting forth his rights pursuant to the FDCPA to dispute the alleged debt and/or seek verification of the debt.

17. Defendant's actions as described herein were made with the intent to harass, confuse, and coerce payment from Plaintiff for this alleged debt.

## COUNT I
## DEFENDANT VIOLATED § 1692d OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

18. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

19. Defendant violated § 1692d of the FDCPA when it called Plaintiff repeatedly and continuously, and when it engaged in other harassing or abusive conduct.

## COUNT II
## DEFENDANT VIOLATED § 1692d(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

20. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

21. Defendant violated § 1692d(5) of the FDCPA when it caused

Plaintiff's telephone to ring repeatedly and continuously with the intent to harass or annoy Plaintiff.

## COUNT III
## DEFENDANT VIOLATED § 1692f OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

22.   Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect a debt.

23.   Defendant violated § 1692f of the FDCPA when it called Plaintiff repeatedly and continuously, when it failed to provide Plaintiff with any written information regarding the alleged debt, and when it engaged in other unfair conduct.

## COUNT IV
## DEFENDANT VIOLATED § 1692g(a) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

24.   Section 1692g(a) of the FDCPA states that within five days after the initial communication with a consumer in connection with the collection of a debt, a debt collector shall send the consumer a written notice containing the amount of the debt, the name of the creditor to whom the debt is owed, the manner in which to dispute the debt, and that if the debt is disputed, that the debt collector will obtain verification of the debt, and will provide information to Plaintiff on how to dispute the debt.

25. Defendant violated § 1692g(a) of the FDCPA when it failed to provide any written notification or any information in writing to Plaintiff in regards to the alleged debt within five days of its initial contact with the Plaintiff, including how to dispute the debt or obtain verification of the debt, in violation of the FDCPA.

## COUNT V
## DEFENDANT VIOLATED THE
## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

30. Plaintiff reincorporates by reference all of the preceding paragraphs.

31. In its actions to collect a disputed debt, Defendant violated the RFDCPA in one or more of the following ways:

   a. Defendant violated Cal. Civ. Code §1788.17, which mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j of the FDCPA inclusive.

WHEREFORE, Plaintiff, JIMMY KELLEY, respectfully pray for a judgment as follows:

   a. Actual Damages;
   b. Statutory damages;
   c. Reasonable attorney's fees and costs;
   d. Any other relief deemed appropriate by this Honorable Court.

# DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JIMMY KELLEY, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 12/21/2012            KIMMEL & SILVERMAN, P.C..

By: /s/ Amy L. Bennecoff
Amy L. Bennecoff (275805)
Kimmel & Silverman, P.C
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile (215) 540-8817
Email: abennecoff@creditlaw.com
Attorney for Plaintiff